**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BRIAN MIECZNIKOWSKI,**<br>3109 Hillgate Road<br>Columbus, OH 43207<br><br>Plaintiff,<br><br>v.<br><br>**JIMMY V LLC,**<br>**d/b/a JIMMY V'S GRILL & PUB,**<br>c/o: Jim G. Velio<br>910 South High Street<br>Columbus, Ohio 43206<br><br>and<br><br>**JIM G. VELIO,**<br>910 South High Street<br>Columbus, Ohio 43206<br><br>Defendants. | : | Case No.: 2:20-cv-4393<br><br>JUDGE<br><br>MAGISTRATE JUDGE<br><br><br>**Jury Demand Endorsed Hereon** |

## COMPLAINT

NOW COMES Plaintiff Brian Miecznikowski ("Plaintiff") and proffers this Complaint for damages against Defendant Jimmy V, LLC d/b/a Jimmy V's Grill & Pub and Defendant Jim G. Velio ("Defendants").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*., the Ohio Minimum Fair Wage Standards Act ("OMWFSA"), R.C. Chapter 4111, and the Ohio Constitution, Oh. Const. Art. II, §34a.

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), which provide for original jurisdiction of Plaintiff's claims arising under the law of the United States and over actions to secure equitable and other relief.

3. This Court has jurisdiction over Plaintiff's claims under the statutory law of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendants in the Southern District of Ohio and performed his job duties there, and Defendants are doing and have done substantial business in the Southern District of Ohio.

**THE PARTIES**

5. Plaintiff Brian Miecznikowski is an individual, a United States citizen, and a resident of Franklin County, Ohio.

6. At all times relevant herein, Plaintiff was an "employee" of Defendants as that term is defined by the FLSA, OMFWSA, and the Ohio Constitution.

7. Defendant Jimmy V LLC is a Limited Liability Company registered to do business in Ohio and conducts business in Franklin County in the Southern District of Ohio. Defendant Jimmy V LLC does business as Jimmy V's Grill & Pub.

8. Defendant Jim G. Velio is a resident of Ohio and owns, in whole or in part, Defendant Jimmy V LLC. Defendant Jim G. Velio is responsible for Jimmy V LLC's business operations, including the creation and implementation of payroll policies and procedures.

9. Upon information and belief, Defendants operate one or more restaurants in the greater Columbus area, including a location at 912 S. High Street, Columbus, Ohio 43206.

10. At all times relevant herein, Defendants Jimmy V LLC and Jim G. Velio are and have been an "employer" as that term is defined by the FLSA, OMFWSA, and the Ohio Constitution.

11. At all times relevant herein, Defendants have mutually benefitted from the work performed by Plaintiff.

12. At all times relevant herein, Defendant Jimmy V LLC has been engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendant Jimmy V LLC constituted an enterprise engaged in commerce within the meaning of the FLSA.

13. Upon information and belief, Defendants' employees were engaged in interstate commerce and Defendants have an annual dollar volume of sales and/or business in an amount not less than $500,000.00.

**FACTUAL BACKGROUND**

14. Plaintiff first began his employment with Defendants in or around the spring of 2017.

15. Plaintiff was hired as a General Manager for the Jimmy V's Grill and Pub located at 912 S. High Street, Columbus, OH 43206.

16. When Plaintiff was first hired, he received a salary of approximately five hundred dollars ($500.00) per week.

17. In or around September of 2017, Plaintiff's salary was deducted to approximately two hundred and fifty dollars ($250.00) per week.

18. Around this time, Plaintiff contacted Defendants' payroll coordinator and complained about the reduction in pay. The payroll coordinator told Plaintiff that Defendant Velio had instructed her to pay him that amount. The payroll coordinator told Plaintiff that she had told

Defendant Velio that this pay structure did not comply with minimum salary requirements, but he insisted that Plaintiff's pay remain at $250.00 per week.

19. Plaintiff's pay remained at this amount until March 2020.

20. At all times throughout his employment, Plaintiff regularly worked more than forty (40) hours per week.

21. Throughout his employment, Plaintiff was paid on a bi-weekly basis.

22. Throughout most his employment, Plaintiff would clock in and out at the start and end of his shifts on a timekeeping device.

23. Plaintiff would also perform work outside of the facility, including product orders, trips to vendors and suppliers, and other tasks associated with his position.

24. At all times relevant herein, due to the set weekly pay Plaintiff received, Plaintiff was not compensated at the minimum wage rate.

25. Plaintiff regularly worked more than 40 hours per workweek, but was not compensated at a rate of one and one half times his regular rate of pay for hours worked in excess of 40 per workweek.

26. Defendants are aware that Plaintiff worked more than 40 hours in a workweek and intentionally failed to compensate Plaintiff for all hours.

27. In or around 2019, Plaintiff's login ID (identification) was removed from the payroll and time keeping device. At this time, Plaintiff was required to login using Defendant Velio's login ID.

28. Plaintiff was laid off on or around March 22, 2020.

29. However, Plaintiff performed compensable work in or around May 2020 as a General Manager at the same location he previously worked, Jimmy V's Grill & Pub at 912 S. High Street, Columbus, OH 43206.

30. During his employment, Plaintiff purchased an ice machine for approximately two thousand seven hundred dollars ($2,700.00) on behalf of Defendants. Plaintiff was told he would be reimbursed for this purchase. As of the date of the filing of this Complaint, Plaintiff has not received reimbursement for the ice machine. The failure to reimburse Plaintiff for this expense has further resulted in a failure to pay minimum wages and overtimes wages.

**COUNT I**
**(FLSA 29 U.S.C. §201, *et seq.* – Failure to Pay Minimum Wage)**

31. All of the preceding paragraphs are realleged as if fully rewritten herein.

32. Defendants violated the FLSA, 29 U.S.C. § 206(a) by not paying Plaintiff minimum wage for all hours worked.

33. Defendants knew or should have known of the minimum wage payment requirement of the FLSA.

34. Plaintiff's pay did not meet the minimum salary threshold.

35. Plaintiff is not exempt from the provisions of the FLSA, and Defendants knew or should have known that Plaintiff was entitled to be paid no less than the minimum wage payment for all hours worked.

36. Defendants knowingly and willfully failed to properly pay Plaintiff when Defendants failed to compensate Plaintiff for all hours worked while he was employed by Defendants.

37. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continue to suffer damages and is entitled to recover unpaid wages, liquidated damages, interest, attorneys' fees and costs, and all other remedies available under the FLSA.

**COUNT II**
**(Ohio Constitution §34a/OMFWSA R.C. 4111.02 – Failure to Pay Minimum Wage)**

38. All of the preceding paragraphs are realleged as if fully rewritten herein.

39. Defendants have violated the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code, Section 4111 *et seq*. and Section 34a of the Ohio Constitution by not paying Plaintiff the minimum wage for all hours worked.

40. Defendants' knowing failure to properly pay Plaintiff was a violation of Chapter 4111 and Section 34a of the Ohio Constitution.

41. For Defendants' violation of O.R.C. 4111 and Section 34a of the Ohio Constitution, Plaintiff is entitled to recover unpaid wages, an additional two times the amount of the unpaid wages, attorneys' fees and costs, and all other remedies available under Ohio law.

**COUNT III**
**(FLSA 29 U.S.C. §201, *et seq* - Failure to Pay Overtime)**

42. All of the preceding paragraphs are realleged as if fully rewritten herein.

43. Plaintiff was an employee of Defendants within the previous three years of the filing of this Complaint.

44. Plaintiff was not exempt from the overtime requirements of the FLSA.

45. Plaintiff's pay did not meet the minimum salary threshold.

46. Plaintiff was not paid an overtime premium for all hours worked in excess of 40 in a workweek at his regular rate of pay.

47. Defendants were aware that Plaintiff worked more than 40 hours per week but did not receive overtime compensation at a rate of one and one-half times his regular rate of pay for hours worked in excess of 40 per week.

48. Defendants knew of the overtime payment requirement of the FLSA and that Plaintiff was a non-exempt employee entitled to overtime compensation for all hours worked per week in excess of 40.

49. Defendants' refusal to properly compensate Plaintiff as required by the FLSA was willful.

50. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer damages and is entitled to recover unpaid wages, liquidated damages, interest, attorneys' fees and costs, and all other remedies available under the FLSA.

**COUNT IV**
**(OMFWSA R.C. 4111.03 - Failure to Pay Overtime)**

51. All of the preceding paragraphs are realleged as if fully rewritten herein.

52. This claim is brought under Ohio law.

53. Defendants knowing failure to pay Plaintiff overtime wages for hours worked in excess of forty (40) per workweek was a violation of Section 4111.03 of the Ohio Revised Code.

54. For the Defendants' violations of ORC 4111.03, Plaintiff is entitled to recover unpaid overtime wages, interest, attorneys' fees, and all other remedies available under Ohio law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff is entitled to and prays for the following relief:

A. A declaratory judgment that Defendants' practices complained of herein are unlawful under the FLSA and Ohio law;

B. An award of monetary damages, including unpaid minimum wages and unpaid overtime wages due under the FLSA, OMFWSA, and the Ohio Constitution Art. II, § 34a;

C. An award of liquidated damages and/or treble damages as a result of Defendants' failure to pay overtime and minimum wage compensation pursuant to FLSA, OMFWSA, and the Ohio Constitution Art. II, § 34a;

D. An award of prejudgment and post judgment interest;

E. An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees;

F. Such other legal and equitable relief as this Court deems appropriate, but in any event not less than $75,000.00.

Respectfully submitted,

*/s/Greg Mansell*

Greg R. Mansell (0085197)
(*Greg@MansellLawLLC.com*)
Carrie J. Dyer (0090539)
(*Carrie@MansellLawLLC.com*)
Kyle T. Anderson (0097806)
(Kyle@MansellLawLLC.com
**Mansell Law, LLC**
1457 S. High St.
Columbus, Ohio 43207
Ph: 614-610-4134
Fax: 614-547-3614
*Counsel for Plaintiff*

**JURY DEMAND**

Plaintiff hereby requests a jury of at least eight (8) persons.

*/s/Greg R. Mansell*___________________
Greg R. Mansell (0085197)