**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**BRIAN MIECZNIKOWSKI,**

    **Plaintiff,**

    v.

**JIM G. VELIO,** *et al.***,**

    **Defendants.**

Case No. 2:20-cv-4393
**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Chelsey M. Vascura**

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Brian Miecznikowski's Motion to Dismiss Defendants' Counterclaims under Federal Rule of Civil Procedure 12(b)(6). ("Mot. to Dismiss," ECF No. 7.) Defendants Jimmy V, LLC and Jim Velio filed a response in opposition ("Resp. in Opp'n," ECF No. 10) and Plaintiff replied ("Reply in Support," ECF No. 12). For the following reasons, the Court **GRANTS** Plaintiff's motion.

**I. Background**

Plaintiff Brian Miecznikowski filed this action on August 27, 2020 against Defendants Jimmy V, LLC and Jim Velio (collectively, "Defendants") alleging violations of the FLSA and Ohio wage law. (Compl., ECF No. 1.) Defendant Jimmy V, LLC ("Jimmy V's") is a restaurant located in Columbus, Ohio owned by Defendant Velio. (*Id.* ¶ 15; Counterclaim, ECF No. 2 ¶ 2.) Plaintiff alleges that he worked as a general manager for Jimmy V's. (Compl. ¶ 15.)

On November 11, 2020, Defendants filed an answer and four counterclaims, two for beach of contract and two for promissory estoppel. (Counterclaim ¶¶ 19–39.) Defendants claim that, at the time of his alleged employment at Jimmy V's, Plaintiff worked full time as a real estate agent.

1

(*Id.* ¶ 7.) Defendants allege that Plaintiff approached Defendant Velio about purchasing Jimmy V's in February of 2017 and that the parties reached an agreement to purchase the restaurant for $425,000. (*Id.* ¶¶ 7–8.) In connection with that agreement, Defendants allege, Plaintiff began inspecting the building and providing remodeling estimates for the "upstairs and downstairs" of Jimmy V's. (*Id.* ¶ 10–11.) They claim that Plaintiff started reconstructing the second floor of the restaurant and that he "demolished the entire second floor and never repaired any of the work, ultimately leaving it uninhabitable." (*Id.* ¶ 18.)

Defendants' first counterclaim alleges that Plaintiff breached the contract to purchase Jimmy V's by failing to purchase Jimmy V's. (*Id.* ¶¶ 19–22.) Defendants' second counterclaim alleges that Plaintiff breached the contract to purchase Jimmy V's by starting construction on the second floor but ultimately failing to repair the second floor. (*Id.* ¶¶ 23–26.) Defendants third and fourth counterclaims allege promissory estoppel as alternative theories of liability on the two breach of contract claims. (*Id.* ¶¶ 27–39.)

## II. Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677–78 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Furthermore, "[a]lthough for purposes of a motion to dismiss [a court] must take all the factual allegations in the complaint as true, [it][is] not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 677–79 (quoting *Twombly*, 550 U.S. at 556) (internal quotations omitted).

### III. Analysis

Plaintiff moves to dismiss all four of Defendants' counterclaims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (Mot. to Dismiss at 4–9.) Plaintiff argues that Defendants' two counterclaims for breach of contract fail because Defendant has not alleged sufficient facts to conclude that the agreement allegedly reached between Plaintiff and Defendant Velio complied with the statute of frauds. (*Id.*) Plaintiff argues that that Defendants' two counterclaims for promissory estoppel also fail because Defendants' allegations are insufficient to meet the narrow exception for permitting a promissory estoppel claim to proceed when an agreement is subject to—and fails to satisfy—the statute of frauds. (*Id.* at 6–9.)

Defendants respond by first withdrawing their two counterclaims for breach of contract, acknowledging that they do not have evidence to prove that the alleged agreement for Plaintiff to purchase Jimmy V's complied with the statute of frauds. (Resp. in Opp'n at 4.) Defendants argue that their promissory estoppel counterclaims are sufficiently pleaded and allow them to pursue equitable remedies based on their reliance on Plaintiff's words and conduct. (*Id.* at 5.)

Ohio's codification of the statute of frauds states that "[n]o action shall be brought whereby to charge the defendant, . . . upon a contract or sale of lands, . . . unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith . . . ." Ohio Revised Code § 1335.05. "Agreements that do not comply with the statute of frauds are unenforceable." *Olympic Holding Co. v. ACE Ltd.*, 909 N.E.2d 93, 99 (Ohio 2009) (citation omitted). Defendants do not dispute that the alleged agreement between Plaintiff and Defendant Velio was subject to the statute of frauds—as an agreement for the sale of real property—and that they do not have evidence of a written agreement signed by Plaintiff. They have therefore withdrawn their claims for breach of contract.

The doctrine of promissory estoppel is an exception to the statute of frauds. *Spectrum Benefit Options, Inc. v. Med. Mut. of Ohio*, 880 N.E.2d 926, 937 (Ohio Ct. App. 2007). "Under this exception, a promise that the promisor should reasonably expect to induce action or forbearance on the part of the promisee and that does induce the action or forbearance 'is enforceable notwithstanding the Statute of Frauds if injustice can be avoided only by enforcement of the promise.'" *Id.* (citation omitted). Ohio courts only apply the promissory-estoppel exception to the statute of frauds in "narrow circumstances." *Id.* That is because the promissory-estoppel exception would swallow the statute of frauds if a party could simply maintain a promissory estoppel claim any time an agreement subject to the statute of frauds is not reduced to a signed writing. *Columbus Trade Exch., Inc. v. AMCA Int'l Corp.*, 763 F. Supp. 946, 955 (S.D. Ohio 1991). Thus, to maintain a promissory estoppel claim on a promise subject to the statute of frauds, a party must meet two requirements. First, the party must plead promissory estoppel as a separate cause of action. *Spectrum Benefit Options*, 880 N.E.2d at 937. That requirement is met here. Second, and more importantly, the party claiming promissory estoppel must show "either a misrepresentation that the statute of frauds' requirements have been complied with or a promise to make a memorandum of the agreement." *Id.* (*Beaverpark Assoc. v. Larry Stein Realty Co.*, Montgomery App. No. 14950, 1995 WL 516469, *5 (Ohio Ct. App. Aug. 30, 1995)).

Here, Defendants' counterclaims fail to allege sufficient facts to warrant applying the promissory estoppel exception to the statute of frauds. Defendants do not allege any facts from which a reasonable inference could be drawn that Plaintiff either (1) misrepresented that the statute of frauds' requirements were complied with, or (2) promised to make a memorandum of the alleged agreement to purchase Jimmy V's. (Counterclaim ¶¶ 27–39.) Thus, because Defendants have withdrawn their counterclaims for breach of contract, and because Defendants' allegations are

4

insufficient to meet the promissory-estoppel exception to the statute of frauds, Defendants' counterclaims fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Iqbal,* 556 U.S. at 677–78 (2009). The Court therefore grants Plaintiff's motion to dismiss.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Dismiss Defendants' Counterclaims. (ECF No. 7.) Defendants' counterclaims (ECF No. 2) are **DISMISSED WITH PREJUDICE**. This case is to remain open.

**IT IS SO ORDERED.**

**9/13/2021**            **s/Edmund A. Sargus, Jr.**
**DATE**            **EDMUND A. SARGUS, JR.**
           **UNITED STATES DISTRICT JUDGE**