# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**BRIAN MIECZNIKOWSKI,**

      **Plaintiff,**

                              Case No. 2:20-cv-4393
                              Judge Edmund A. Sargus, Jr.
     v.                            Magistrate Judge Chelsey M. Vascura

**JIM G. VELIO,**
*et al.*,

      **Defendants.**

### REPORT AND RECOMMENDATION

This matter is before the Court on the Court's own Order to Show Cause why Defendant One Tired Momma II, LLC's ("One Tired Momma") crossclaim against Defendant Jimmy V, LLC ("Jimmy V") should not be dismissed for want of prosecution. (ECF No. 30.) For the following reasons, the undersigned **RECOMMENDS** that One Tired Momma's crossclaim be **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

### I.

One Tired Momma became a Defendant in this action when it was served with Plaintiff's Second Amended Complaint on March 26, 2021. (*See* ECF No. 15, Pl.'s Second Am. Compl.; *see also* ECF No. 24, Summons Returned Executed). On March 11, Plaintiff had filed a Third Amended Complaint (ECF No. 20) and on April 7, 2021, One Tired Momma filed its Answer and filed a crossclaim against Defendant Jimmy V. (ECF No. 27.) That filing made Jimmy V's answer to the crossclaim due on April 28. To date, Jimmy V has not answered the crossclaim. On September 15, 2021, the Court issued an Order for One Tired Momma to Show Cause within

14 days why its crossclaim should not be dismissed for failure to prosecute.  (ECF No. 30.)  That Order was based in pat upon Southern District of Ohio Local Rule 55.1(a) which provides:

> If a party makes proper service of a pleading seeking affirmative relief but, after the time for making a response has passed without any response having been served and filed, that party does not request the Clerk to enter a default, the Court may by written order direct the party to show cause why the claims in that pleading should not be dismissed for failure to prosecute.

One Tired Momma has not moved for an entry of default against Jimmy V as to its counterclaim, and One Tired Momma's time to show cause under the Court's September 15 Order passed on September 28.

## II.

The Court's inherent authority to dismiss a claim because of failure to prosecute is expressly recognized in Federal Rule of Civil Procedure 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits."  Fed. R. Civ. P. 41(b); *Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962).

A district court has the authority to dismiss an action under Rule 41(b) when it has put a party "on notice that further noncompliance would result in dismissal."  *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988); *see also Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or the lack thereof, is . . . a key consideration" in whether dismissal under rule 41(b) is appropriate).  "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'"  *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999)

(internal citations omitted).  The Sixth Circuit directs district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363).  "Although typically none of the factors is outcome dispositive . . .  a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct."  *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

### III.

Here, One Tired Momma has failed to respond to a Court Order, which had put it on notice that its crossclaim could be dismissed for failure to prosecute if it did not seek an entry of default against Jimmy V or in some way respond to the Court.  One Tired Momma's failure to comply with a Court Order, which established a reasonable deadline for compliance and put it on notice of the consequences of noncompliance, constitutes bad faith or contumacious conduct.  *See Steward v. Cty. of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal"); *cf. Tarrier Steel Co. v. Wesex Corp.,* No. 2020 WL 996475, at *1 (S.D. Ohio Mar. 2, 2020) (dismissing crossclaim for failure to prosecute under Rule 41(b) after failure to respond to court order or make timely filing; noting dismissal "dismissal serve[d] the interests of docket management and avoiding unnecessary burdens on the courts and parties in this action").  Because One Tired Momma ignored a Court Order and deadline, the undersigned concludes that

no alternative sanction is appropriate. The undersigned therefore **RECOMMENDS** that One Tired Momma's crossclaim be **DISMISSED WITH PREJUDICE** for failure to prosecute.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within 14 days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE